**RUSS AUGUST & KABAT**
Alexander C.D. Giza, State Bar No. 212327
Andrew D. Weiss, State Bar No. 232974
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tel:   310.826.7474
Fax:   310.826.6991
Email: agiza@raklaw.com; and
Email: aweiss@raklaw.com

Attorneys for TiVo Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| Digital CBT LLC, | Case No. SACV 12-6418 CJC (RNBx) |
|      Plaintiff, | **[PROPOSED]** **PROTECTIVE ORDER** |
| vs. | The Honorable Cormac J. Carney |
| TiVo, Inc., | United States District Court Judge |
|      Defendant. | |
| AND RELATED COUNTERCLAIMS | |

RUSS, AUGUST & KABAT

STIPULATED PROTECTIVE ORDER

The Parties, by and through their respective counsel, having stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary to protect the confidentiality of documents and other information obtained in the course of discovery in this Action, it is hereby ORDERED THAT:

1.    **SCOPE OF ORDER**. This Stipulation and Protective Order includes in its scope all documents, things and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed or filed in the above-captioned action (the "Action"), by or on behalf of any Party or non-Party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, deposition, a response to any type of written discovery, a submission to the Court or otherwise ("Litigation Material").   Nothing in this Order shall obligate any Party or non-Party to produce any Litigation Material to any other Party or non-Party that it is not otherwise required to produce under the Federal Rules of Civil Procedure or any applicable local rule.

2.    **USE OF LITIGATION MATERIAL GENERALLY**.   All Litigation Material designated or reflecting CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION, as defined below, shall be used solely for the purposes of preparation, trial and appeal of this Action and for no other purpose, absent further order of the Court. However, nothing herein shall prevent or in any way limit disclosure, use, or dissemination of any documents, things, or information that are in the public domain.

3.    **DEFINITIONS**.

a.    "Copy" shall mean any reproduction, depiction, or sample of any Litigation Material, regardless of format, by photographic, scanning, imaging,

RUSS, AUGUST & KABAT

recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

b.      "In-House Counsel" shall mean in-house counsel for each of the Parties who are attorneys actively involved in this dispute for their employers, as well as their direct clerical and support staff, copy services, translators and other similar vendors providing clerical or administrative support to such In-House Counsel in connection with this matter.

c.      "Outside Litigation Counsel" shall mean the outside counsel regularly employed by the law firms of record for each Party in this Action, including all attorneys, staff, and clerical personnel, as well as other support personnel providing clerical or administrative support, employed by such outside counsel, as well as copy services, translators and other similar vendors providing clerical or administrative support to such outside counsel in connection with this matter.  "Outside Litigation Counsel" shall also include any other outside counsel retained by the Parties for appellate or consulting purposes, notwithstanding that such counsel is not counsel of record, so long as the Party engaging such counsel provides the other Party with written notice, and the other Party may object to such counsel on the same terms as set forth for objecting to a "Qualified Consultant" in Paragraphs 8(c) and 8(d).

d.      "Party" or "Parties" shall mean any or all parties to this Action.

e.      "Producing Party" shall mean a Party or non-party, on behalf of which documents, things or information are produced, furnished, or disclosed, during the course of this Action, in response to Local Rules of the Court or subpoena, requests for production of documents, interrogatories, requests for admissions, depositions or any other formal or informal request for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs, memoranda, materials filed with the court, or other forms of information produced, furnished or disclosed by or on behalf of such a Party or non-party.

STIPULATED PROTECTIVE ORDER

RUSS, AUGUST & KABAT

f. "Receiving Party" shall mean any Party or non-party to which documents, things, or information are produced, furnished, or disclosed, whether voluntarily or in response to formal or informal discovery requests, subpoena, deposition notice, or court order, by any Producing Party in this Action.

g. "Source Code" shall mean source code and object code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.  Source Code does not include documents that describe source code or object code, such as hardware reference specifications, software reference specifications, application programming interface ("API") specifications, technical specifications, and other presentations about how source code or object code is built, organized, engineered, designed or developed, except to the extent that any such document incorporates source code and/or object code, in which case that portion of such document qualifies as Source Code.

h. "CONFIDENTIAL INFORMATION" shall mean Litigation Material that reflects or contains any of the following: (i) confidential or proprietary technical or scientific information; (ii) confidential or proprietary know-how; (iii) confidential, proprietary, or sensitive business or financial information; (iv) product research and development information; (v) customer and supplier information; (vi) marketing strategies and information; (vii) strategic business information, including without limitation business plans, manufacturing information, cost information, or logistical information; (viii) any confidential information that the Producing Party would not normally reveal to third parties without a confidentiality agreement; or (ix) information of a non-party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence and that the Producing Party produces in the Action.

RUSS, AUGUST & KABAT

i.      "CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION" shall mean Litigation Material that is so sensitive that the Producing Party in good faith believes its disclosure without further restrictions will result in significant risk of competitive disadvantage or harm if disclosed to another Party without restriction upon use or further disclosure, and that reflects or contains any of the following: (i) licensing information; (ii) confidential, proprietary, or highly sensitive design, development, technical, or manufacturing information; (iii) trade secrets; (iv) confidential, proprietary, or highly sensitive business planning, strategy, marketing, financial, pricing, or sales information; or (v) confidential or proprietary information that affords the Producing Party an actual or potential economic advantage over others.

j.      "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION" shall mean Litigation Material of a Producing Party, or of any non-parties that a Producing Party is permitted to produce in the Action, that constitutes or contains Source Code.

k.      "DESIGNATED INFORMATION" shall mean information designated as CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION.

4.      **DESIGNATION OF DOCUMENTS OR OTHER LITIGATION MATERIAL**. A Producing Party designating Litigation Material as DESIGNATED INFORMATION must have a good faith belief that the Litigation Material meets the definition of CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION as set forth in Paragraphs 3(h), 3(i), and 3(j), respectively. Based on such a good faith belief, any Party or non-party may designate, at or prior to the time of production, any non-public Litigation Material (and copies thereof)

4

produced or disclosed by or on behalf of such Party or non-party, or any portion of such material, as either:

a.    CONFIDENTIAL INFORMATION, by placing on each page (or electronic file and medium containing electronic file(s)) and each thing (including electronic, optical, magneto-optical, magnetic, etc. media) to which the designation applies a legend substantially as follows: "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL INFORMATION," or other similar designation;

b.    CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, by placing on each page (or electronic file and or medium containing electronic file(s)) and each thing (including electronic, optical, magneto-optical, magnetic, etc. media) to which the designation applies a legend substantially as follows: "CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION," or other similar designation; or

c.    CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION, by placing on each page (or electronic file and or medium containing electronic file(s)) and each thing (including electronic, optical, magneto-optical, magnetic, etc. media) to which the designation applies a legend substantially as follows: "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER" or other similar designation.

In the event the Producing Party elects to produce documents containing or reflecting DESIGNATED INFORMATION for inspection, no marking need be made by the Producing Party in advance of the inspection, and all inspected materials shall be deemed CONFIDENTIAL OUTSIDE ATTORNEY'S EYES

1  ONLY INFORMATION until designated otherwise at the time copies are
2  delivered to Receiving Party.

3      5.  **USE OF DESIGNATED INFORMATION**. CONFIDENTIAL
4  INFORMATION shall not be made available, nor the contents thereof disclosed, to
5  persons other than QUALIFIED PERSONS, as defined in Paragraph 6 herein, and
6  CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION
7  shall not be made available, nor the contents thereof disclosed, to persons other
8  than SPECIALLY QUALIFIED PERSONS, as defined in Paragraph 7 herein,
9  except that CONFIDENTIAL INFORMATION and CONFIDENTIAL OUTSIDE
10  ATTORNEY'S EYES ONLY INFORMATION may be made available or the
11  contents thereof disclosed in accordance with the provisions of Paragraphs 9 and
12  10. Material designated CONFIDENTIAL SOURCE CODE – ATTORNEYS'
13  EYES ONLY INFORMATION and any portion of any transcript or other paper
14  that contains or reveals the contents of material so designated may only be
15  disclosed, subject to the provisions of Paragraph 27, to SOURCE CODE
16  QUALIFIED PERSONS, as defined in Paragraph 7, except in accordance with the
17  provisions of Paragraphs 9 and 10. All DESIGNATED INFORMATION shall be
18  carefully and securely maintained by the Receiving Party and access to such
19  DESIGNATED INFORMATION shall be permitted only to persons having access
20  thereto under the terms of this Protective Order. DESIGNATED INFORMATION
21  shall be stored at the offices or facilities (including any servers or databases) of the
22  Receiving Party only consistent with the terms of this Protective Order. In the
23  event that any QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or
24  SOURCE CODE QUALIFIED PERSON ceases to be engaged in the litigation of
25  this Action, access by such person to DESIGNATED INFORMATION shall be
26  terminated. The provisions of this Protective Order, however, shall otherwise
27  remain in full force and effect as to such QUALIFIED PERSON, SPECIALLY
28  QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON.

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

6. **QUALIFIED PERSONS**. QUALIFIED PERSONS shall include only the following:

    a.    Outside Litigation Counsel involved in the litigation of this Action;

    b.    jury consultants, mock jurors, and personnel at document duplication, coding, imaging, or scanning services retained by (but not regularly employed by) Outside Litigation Counsel, as deemed in good faith to be reasonably necessary during the litigation of this Action;

    c.    Qualified Consultants and Qualified Experts, as provided in Paragraph 8(b), and their regularly employed support personnel (such as administrative assistants, secretaries, clerical and administrative staff) as deemed in good faith to be reasonably necessary during the litigation of this Action;

    d.    the Court, its personnel, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings, or trial in this Action;

    e.    In-House Counsel; and

    f.    Up to three (3) Qualified Employees of each Party, as provided in Paragraph 8(a) herein.

7. **SPECIALLY QUALIFIED PERSONS AND SOURCE CODE QUALIFIED PERSONS**.

    a.    SPECIALLY QUALIFIED PERSONS shall include only those QUALIFIED PERSONS listed in Paragraphs 6(a)-6(d).

    b.    SOURCE CODE QUALIFIED PERSONS as used herein shall include only those QUALIFIED PERSONS listed in Paragraphs 6(a), 6(b), 6(d), and Qualified Consultants and/or Qualified Experts under paragraph 8(b), in addition to their regularly employed support personnel, as long as such personnel become Qualified Consultants and Qualified Experts as provided in Paragraph 8(b).

7

**8.**   **APPROVAL OF PROPOSED QUALIFIED EMPLOYEES, QUALIFIED CONSULTANTS, AND QUALIFIED EXPERTS.**

a. Other than In-House Counsel, an employee of a Party who does not engage in competitive decision-making shall become a Qualified Employee as to a particular Producing Party and may receive the CONFIDENTIAL INFORMATION of that Producing Party only after the following conditions have been satisfied: (i) the proposed Qualified Employee has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit A; (ii) the executed Agreement has been served on the Producing Party; and (iii) the Producing Party has not objected to the proposed Qualified Employee pursuant to Paragraph 8(c), or the Court has ruled on an application by the Receiving Party that the proposed Qualified Employee may receive the CONFIDENTIAL INFORMATION of the Producing Party.

b. A consultant or expert retained by a Party shall become a Qualified Consultant or Qualified Expert, as the case may be, as to a particular Producing Party and may receive the DESIGNATED INFORMATION of that Producing Party only after the following conditions have been satisfied: (i) the proposed Qualified Consultant or Qualified Expert has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit B; (ii) the executed Agreement and the proposed Qualified Consultant's or Qualified Expert's curriculum vitae (including (1) their present employer and title, (2) a list of any known present or former relationships or engagements between them and any Party and any known present or former relationships or engagements between them and any known competitor of a Party within the last seven years, (3) a list of other cases (including case name, parties, and court) in which they have testified at trial or deposition within the last seven years, and (4) a list of all companies with which they have consulted or by which they have been employed within the last four years, or, if the identity of the employer is confidential, a description of the

8

engagement and a statement that the employer was not a Party or a competitor of a Party) have been served on the Producing Party; and (iii) the Producing Party has not objected to the proposed Qualified Consultant or Qualified Expert pursuant to Paragraph 8(c), or the Court has ruled on an application by the Receiving Party that the proposed Qualified Consultant or Qualified Expert may receive DESIGNATED INFORMATION of the Producing Party.  A proposed Qualified Consultant or Qualified Expert may only receive CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION after being expressly identified to the Producing Party as seeking access to CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION.  If the Receiving Party wishes an already identified Qualified Consultant or Qualified Expert to receive CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION, it must re-comply with the provisions of this Paragraph and identify the proposed Qualified Consultant or Qualified Expert as seeking access to CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION.

c.     A Producing Party shall have seven (7) calendar days from the date of facsimile or electronic mail service of the materials and information served pursuant to Paragraphs 8(a) or 8(b), plus three (3) additional calendar days if service is made by U.S. mail or overnight delivery (such as Federal Express), to object to a proposed Qualified Employee, Qualified Consultant or Qualified Expert. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties.  Failure to object within the period referenced in this Paragraph shall constitute approval but shall not preclude the non-objecting Party from later objecting to continued access where facts suggesting a basis for objection could not have been earlier discovered by exercising due diligence within the period for making a timely objection. If a written notice of objection is served, no DESIGNATED INFORMATION of the

9

Producing Party shall be disclosed to the proposed Qualified Employee, Qualified Consultant, or Qualified Expert until the objection is resolved by agreement or by an order of the Court.

d. The Producing Party objecting to the disclosure of DESIGNATED INFORMATION to a proposed Qualified Employee, Qualified Consultant, or Qualified Expert bears the burden of seeking an order of the Court and must demonstrate under applicable law why the proposed Qualified Employee, Qualified Consultant, or Qualified Expert should not be permitted to receive DESIGNATED INFORMATION. The objecting Producing Party must seek an order of the Court within fourteen (14) calendar days of serving its objection under Paragraph 8(c). Any such motion must be made in strict compliance with Central District Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement). Failure to seek an order of the Court shall constitute approval but shall not preclude the non-objecting Party from later objecting to continued access where facts suggesting a basis for objection could not have been earlier discovered by exercising due diligence within the period for making a timely objection.

e. The failure of a Producing Party to object to the receipt of its CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION and/or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION by a person designated by a Receiving Party under Paragraph 8(b) shall in no way prejudice the Producing Party's right to later move to exclude such person's testimony or written report on grounds other than the propriety of such person's access to the Producing Party's CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION and/or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION.

RUSS, AUGUST & KABAT

9.     **LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS**.  Nothing herein shall prevent the disclosure of any DESIGNATED INFORMATION to any of the following:

a.     any current employee of the Producing Party;

b.     any current employee of the Receiving Party if the DESIGNATED INFORMATION originated with, or was sent to, the current employee of the Receiving Party, as evidenced by the identification of the current employee as an author, recipient, or copy recipient on the face of the DESIGNATED INFORMATION; or

c.     during deposition, any former employee of the Receiving Party or Producing Party if the DESIGNATED INFORMATION originated with, or was sent to, the former employee during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient, or copy recipient on the face of the DESIGNATED INFORMATION.

10.     **LIMITED DISCLOSURE TO WITNESSES TESTIFYING AT DEPOSITION**.  Except insofar as a witness is otherwise qualified to receive DESIGNATED INFORMATION under any of Paragraphs 6 through 9, DESIGNATED INFORMATION may be made available, or the contents thereof disclosed, to witnesses testifying at deposition, or who provide an affidavit or certification, and their counsel, only if:

a.     in the case of a document, it appears that the witness has previously seen or received the DESIGNATED INFORMATION contained therein, either because the document identifies the witness as an author, recipient or copy recipient, or because the document comes from the files of the witness;

b.     the Producing Party agrees in writing that the witness may have access to the DESIGNATED INFORMATION for purposes of his or her testimony at deposition; or

RUSS, AUGUST & KABAT

11

c.      the witness is employed by the Producing Party and there is no indication that, despite such employment, the witness should not be able to see the document.

If the basis of the disclosure is (a) above, then if requested by the Producing Party, immediately after the disclosure, the lawyer disclosing such DESIGNATED INFORMATION must make an inquiry with respect to the witness's previous access to such information, and if it becomes apparent on such inquiry that the witness has not had previous access to the DESIGNATED INFORMATION, the item shall be withdrawn and no further inquiry regarding the DESIGNATED INFORMATION shall be permitted.  Any witness testifying at deposition or who provides an affidavit or certification, or their counsel who receives DESIGNATED INFORMATION, shall not reveal or discuss the contents of that information to or with any person who is not entitled to receive such information pursuant to this Protective Order.

11.    **DESIGNATION OF DEPOSITION TESTIMONY**.  A Party or non-party may designate information disclosed during a deposition as DESIGNATED INFORMATION by so indicating on the record at the deposition. A Party or non-party deponent may also designate in writing, within thirty (30) calendar days of the receipt of the certified transcript (the "Designation Period"), that specific portions of testimony (by reference to specific pages and lines) and/or exhibits be treated as DESIGNATED INFORMATION.  If a Party has a good faith belief that it needs the designation of a transcript to be made sooner, the Party may ask the other Party (or non-party deponent) whether the other Party (or non-party deponent) may designate all or part of the deposition transcript as DESIGNATED INFORMATION.  If such a request is made, specifically citing this Paragraph in the inquiry, the Designation Period as to that Party or non-party deponent shall expire if that Party or non-party deponent does not provide its designations within fifteen (15) calendar days.  A Party or non-party deponent designating information

Russ, August & Kabat

12

as DESIGNATED INFORMATION must have a good faith belief that the information meets the definition of CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or CONFIDENTIAL SOURCES CODE – ATTORNEYS' EYES ONLY INFORMATION and must only designate those portions of testimony or exhibits that qualify as such. Until the Designation Period has elapsed for a given transcript, that transcript shall be treated as CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION unless the Parties have earlier agreed that no designation will be made.

12. **ATTENDANCE AT DEPOSITIONS**. During depositions of any Party or nonparty, a Party or non-party claiming that information that is to be disclosed or upon which questions may be based is DESIGNATED INFORMATION may exclude from the room for that portion of the deposition any person, beside the witness and counsel representing the witness, who is not a QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON, as appropriate under this Protective Order.

13. **FILING DESIGNATED INFORMATION**. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain any DESIGNATED INFORMATION, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the DESIGNATED INFORMATION (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers. Neither the fact that counsel have stipulated to an under seal filing nor the fact that a proposed filing contains DESIGNATED INFORMATION is sufficient in itself for the Court to find that good cause exists to file the papers or the portion containing the DESIGNATED INFORMATION under seal.

14.   **PROCEDURE FOR POST-PRODUCTION DESIGNATION**. At any time prior to the final pretrial conference in this Action, a Producing Party may seek additional protection for previously produced Litigation Material by re-producing and re-designating such Litigation Material as DESIGNATED INFORMATION.  If Litigation Material was properly shown to a person who would not be entitled to see it as newly re-designated, that person shall be advised that the Litigation Material has been re-designated as DESIGNATED INFORMATION, as the case may be, and instructed not to use the Litigation Material for any purpose other than the litigation of this Action.

15.   **PROCEDURE FOR OBJECTION TO DESIGNATION**.

a.   At any time prior to the final pretrial conference in this Action, any Party may object in good faith to the designation or re-designation of any Litigation Material as DESIGNATED INFORMATION by providing counsel for the Producing Party with written notice of the reasons for its objection.  The Producing Party shall, within seven (7) calendar days after receiving such written notice, advise the objecting Party, in writing, of the basis for its designation.  Within seven (7) calendar days thereafter, the Parties shall meet and confer in a good faith effort to resolve the matter.  If the Receiving Party applies to the Court for relief from the designation, the Producing Party retains the burden of establishing that the item was properly designated.  Any such application to the Court must be made in strict compliance with Central District Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

b.   Notwithstanding any objection to the designation of Litigation Material as DESIGNATED INFORMATION, Litigation Material designated as DESIGNATED INFORMATION shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (i) the Producing Party changes or removes such designation in writing; or (ii) the Court orders a change in or removal of such designation.  If Litigation Material was

RUSS, AUGUST & KABAT

14

properly shown to a person who would not be entitled to see it as reclassified, that person shall be advised that the Litigation Material has been reclassified and instructed not to use the Litigation Material for any purpose other than the litigation of this Action.

c.     The designation of an item as DESIGNATED INFORMATION may be challenged, among other reasons, because: (i) the information is or comes to be publicly disclosed in a printed publication, (ii) the information is or comes to be generally publicly known, or (iii) the information is or comes to be otherwise known to the Receiving Party without any breach of the confidentiality obligations hereunder.   Any disclosure of DESIGNATED INFORMATION under this Protective Order shall not serve as a basis for challenging the DESIGNATED INFORMATION designation of the information in question.

d.     The failure of the Receiving Party to challenge the designation of any item as DESIGNATED INFORMATION under this Protective Order at the time of production or designation of the item shall not be deemed a waiver of the Receiving Party's right to challenge the propriety of such designation at any time prior to the final pretrial conference in this Action.

16.   **APPLICABILITY TO NON-PARTIES**.   It is expressly contemplated that the protections of this Protective Order apply to non-parties.

17.   **NOTICE TO NON-PARTIES**.   Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order and shall provide a copy of the subpoena to all Parties in this Action.

18.   **NO WAIVER**.

a.     Nothing in this Protective Order shall prejudice the right of any Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights.  Moreover, nothing in this Protective Order shall prejudice the right of any Party to object to the admissibility at trial of any

Litigation Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

b. Entering into, agreeing to and/or complying with the terms of this Protective Order shall not: (i) operate as an admission by any Party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information; or (ii) operate as an admission by any Party that any particular Litigation Material is, or is not, relevant to this Action.

19. **PARTIES' OWN INFORMATION**. Notwithstanding any other provision of this Protective Order, nothing shall limit any Producing Party's use of its own documents, things or information, nor shall anything in this Protective Order prevent any Producing Party from disclosing its DESIGNATED INFORMATION to any person. Such disclosures shall not affect any designation of such documents, things, or information as DESIGNATED INFORMATION pursuant to the terms of this Protective Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the documents, things, or information.

20. **DISCLOSURES BEYOND PROTECTIVE ORDER**. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order: (i) if the Producing Party(ies) consents to such disclosure; (ii) if the Court, after notice of all affected persons, allows such disclosure; or (iii) if the Receiving Party thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process. The Receiving Party shall give prompt written notice to counsel for the Producing Party and shall, unless the time for allowed for compliance makes it impossible, provide counsel for that Party at least ten (10) calendar days from receipt of the written notice to object to the Receiving Party's production of any materials that reflect DESIGNATED INFORMATION produced by the Producing Party. However, nothing in this order shall require

RUSS, AUGUST & KABAT

16

violation of any order of another Court.  Further, nothing in this Protective Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

21. **INADVERTENT OR UNINTENTIONAL PRODUCTION OF PRIVILEGED LITIGATION MATERIAL**.  Any information (including documents) produced in this action that a party or non-party ("Producing Party") later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection.  A party or non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return.  If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the producing party or non-party.

When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the receiving party disclosed the information; 3) shall within five (5) business days of the Producing Party's request return to the Producing Party or destroy the information and destroy all copies thereof; and 4) shall confirm to the Producing Party the destruction under 3) above of all copies of the information not returned to the Producing Party.  No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived.  Within thirty (30) days after a Producing Party or Receiving Party identifies the information, and not thereafter, the Receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from

disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action.  Any such motion must be made in strict compliance with Central District Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

22. **INADVERTENT DISCLOSURE OF DESIGNATED INFORMATION**.

a.      If any Litigation Material that a Party or non-party intends to designate as DESIGNATED INFORMATION is inadvertently disclosed without being marked in accordance with this Protective Order, the failure to so mark the Litigation Material shall not be deemed a waiver of its confidentiality.

b.      If any DESIGNATED INFORMATION is disclosed, through inadvertence or otherwise, to a person or Party other than a QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON or SOURCE CODE QUALIFIED PERSON, as the case may be, then the Party disclosing the information shall use its best efforts to bind such person or Party to the terms of this Protective Order and (a) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing Party; (b) such person shall be identified immediately to the Party that designated the Litigation Material as DESIGNATED INFORMATION; and (c) the person to whom disclosure was made shall be requested to sign an Agreement to Abide By Protective Order in the form of Exhibit B hereto, which signed Agreement shall be served on the Party that designated the Litigation Material as DESIGNATED INFORMATION. Nothing in this Paragraph shall affect the Producing Party's remedies under this Protective Order or otherwise for such unauthorized disclosure.

23. **RETURN OR DESTRUCTION OF DESIGNATED INFORMATION UPON CONCLUSION OF THIS ACTION.**

a.      At the Conclusion of this Action, each Party subject to the terms of this Protective Order shall assemble and return to each Producing Party all

18

RUSS, AUGUST & KABAT

originals and reproductions of any Litigation Material containing DESIGNATED INFORMATION, including notes made therefrom or summaries thereof, within sixty (60) calendar days of the Conclusion of this Action.  In lieu of returning Litigation Materials containing information designated as CONFIDENTIAL INFORMATION, or CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or notes or summaries of Litigation Material containing any DESIGNATED INFORMATION, a Party may destroy all such Litigation Material within sixty (60) calendar days of the Conclusion of this Action, provided the Party electing to undertake such destruction certifies to the Producing Party in writing that it has made a reasonable and good faith effort to destroy such Litigation Material, and that all such material has been destroyed to the best of its knowledge.

b.      Notwithstanding Paragraph 23(a), Outside Litigation Counsel for each Party may retain a record including one unredacted copy of the following, regardless of whether CONFIDENTIAL INFORMATION or CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION of another Party or non-Party is included: (i) its correspondence file of this case; (ii) its pleadings file, including all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party; (iii) any briefs and appendices on appeal; (iv) all legal research memoranda; (v) its file of deposition transcripts and accompanying exhibits; and (vi) its file of hearing and trial transcripts and accompanying exhibits. In the instance of CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION, the foregoing exception to Paragraph 23(a) shall not apply and no partial or complete Source Code shall be retained under any circumstances absent written consent from the Producing Party.

24.  **SURVIVAL OF OBLIGATIONS**.

a.      All the provisions of this Protective Order shall survive the Conclusion of this Action, and shall continue to be binding after the Conclusion of

STIPULATED PROTECTIVE ORDER

this Action unless subsequently modified by agreement among the Parties or further order of the Court.

b. "Conclusion of this Action" shall mean all appeal periods have expired and any settlement has become effective or judgment has become final.

c. For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction indefinitely over the Parties and any persons provided access to DESIGNATED INFORMATION under the terms of this Protective Order.

25. **VIOLATIONS SANCTIONABLE**.  All persons bound by this Protective Order are hereby notified that if this Protective Order is in any manner violated, the person or entity who commits such violation may be subject, on motion and after a hearing, to such sanctions as are provided by law.

26. **RELIEF FROM PROTECTIVE ORDER**.  Entry of this Protective Order shall be without prejudice to the application by any Party or non-Party (i) for relief from any restriction contained herein or (ii) for any order compelling or further restricting the production or use of any Litigation Material produced, furnished, or disclosed in the course of discovery in this Action.  The Parties may amend or modify any provision of this Protective Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

27. **ADDITIONAL PROTECTIONS FOR CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION**. CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION shall be subject to the additional protection of this Paragraph.

a. Nothing in this Protective Order shall obligate the Parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

b.      Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

c.      Access to Source Code shall be provided on one "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet and may not be connected to any printer or storage device other than the internal hard disk drive of the computer) (each such configured computer is hereinafter referred to as a "Secure Computer"). Each Secure Computer shall be kept in a secure location at the offices of the Producing Party's Outside Litigation Counsel's office in Los Angeles, or at such other location as the Producing and Receiving Parties mutually agree (the "Inspection Room"). Each Secure Computer may be password protected and shall have the Source Code stored on a hard drive contained inside the Secure Computer.  The Producing Party shall produce Source Code in computer searchable format on each Secure Computer.  Each Secure Computer shall, at the Receiving Party's request, include reasonable analysis tools appropriate for the type of Source Code.  The Receiving Party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the Producing Party so that the Producing Party may install such tools on the Secure Computers.  Each Secure Computer shall include a printer of commercially reasonable speeds.  The Receiving Party may make hard copy print outs (on the provided paper) from the printer connected to each Secure Computer at the time of review.  Absent written agreement of the Producing Party, or Court order, no more than five hundred (500) total pages of the Source Code shall be printed or requested by the Receiving Party.  At end of each day, Producing Party shall collect the printouts made by the Receiving Party and shall Bates label and produce copies of the printouts to Receiving Party within a reasonable time.

d.      The Receiving Party shall make reasonable efforts to restrict its requests for access to the Secure Computers to normal business hours, which for

purposes of this Paragraph shall be 9:00 a.m. through 5:00 p.m.  Upon reasonable notice from the Receiving Party, which shall not be less than three (3) business days in advance, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Secure Computers outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Source Code at the offices of the Producing Party's Outside Litigation Counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The parties reserve their rights to request access to the Source Code at the site of any hearing or trial.

e.    All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least seven (7) business days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any disclosure required under Paragraph 8(b) of this order.  The Producing Party shall provide these individuals with information explaining how to start, log on to, and operate the Secure Computers in order to access the produced Source Code on the Secure Computers.

f.    No person other than the Producing Party may alter, dismantle, disassemble or modify any Secure Computer in any way, or attempt to circumvent any security feature of any Secure Computer.

g.    SOURCE CODE QUALIFIED PERSONS may not use cellular telephones, tablets, cameras, laptop computers, and/or similar devices in the Inspection Room.  The Producing Party shall make reasonable efforts to provide a separate room where SOURCE CODE QUALIFIED PERSONS may use these devices during their inspection of the Source Code.

h.    Hard copy printouts of Source Code shall be maintained by the Receiving Party's Outside Litigation Counsel or SOURCE CODE QUALIFIED

PERSONS in a secured locked area.  The Receiving Party may also temporarily keep the print outs at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the print outs (e.g., a hotel prior to a Court proceeding or deposition).  No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

1.      The Receiving Party is permitted to make a the number of copies required for use in connection with a Court filing, hearing, or trial – taking into account the Court's procedural requirements and the needs of the Court, counsel, and any applicable witness to see the exhibits – and of only the specific pages deemed in good faith to be reasonably necessary for deciding the issue for which the portions of the Source Code are being filed or offered.  To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION; or (2) those pages containing quoted Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION;

2.      Electronic copies of Source Code printouts may be made only as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

i.      Nothing in this Protective Order shall be construed to limit how a Producing Party may maintain material designated as CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION.

j.      Outside Litigation Counsel for the Receiving Party with custody of CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY

RUSS, AUGUST & KABAT

INFORMATION shall maintain a source code log containing the following information: (1) the date and time access CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION began and ended; (2) the identity of the person or people accessing the source code; and (3) the location the CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION was accessed from.   Outside Litigation Counsel for the Receiving Party will produce, upon request, each such source code log to the Producing Party within sixty (60) days of the final determination of this Action.

28.   **PROSECUTION BAR**.  No attorney for or representing Plaintiff, whether in-house or Outside Counsel of record, nor any other person associated with Plaintiff, who is permitted to receive Protected Information pursuant to Paragraph 7 herein, who obtains, receives, has access to, or otherwise learns, in whole or in part, DESIGNATED INFORMATION of Defendant designated CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION pursuant to Paragraphs 3(i) and (j) herein shall prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application, reexamination procedures, or reissue procedures for Plaintiff, or for any affiliated or related entity or person, pertaining to video processing and/or capturing ("Technical Field") or the disclosed DESIGNATED INFORMATION during the pendency of this action and for two years after the conclusion of this action, including any appeals.  Nothing in this paragraph shall be construed as a waiver of the other provisions of this Order, including but not limited to those provisions restricting the use and disclosure of DESIGNATED INFORMATION.

**IT IS SO ORDERED.**

Dated: <u>November 27, 2013</u>

_____

Honorable Robert N. Block

United States Magistrate Judge

RUSS, AUGUST & KABAT

24

**EXHIBIT A**
Qualified Employee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| Digital CBT LLC, | Case No. SACV 12-6418 CJC (RNBx) |
|     Plaintiff, | **AGREEMENT TO ABIDE BY PROTECTIVE ORDER** |
| vs. | The Honorable Cormac J. Carney |
| TiVo, Inc., | United States District Court Judge |
|     Defendant. | |

AND RELATED COUNTERCLAIMS

I, _____, declare under penalty of perjury that:

1. My address is _____ _____ _____.

2. My present employer is _____, and the address of my present employment is _____ _____ _____.

3. My present occupation or job description is _____ _____ _____.

4. I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in the above-captioned action (the "Action"), that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

5. I hereby certify that I am not involved in competitive decision-making for my employer, nor will I be involved in competitive decision-making for my employer until at least one year after the Conclusion of this Action.

RUSS, AUGUST & KABAT

6. I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as CONFIDENTIAL INFORMATION, but not CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION, in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any CONFIDENTIAL INFORMATION or any notes containing or reflecting CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any CONFIDENTIAL INFORMATION for any purpose other than directly associated with my duties in this litigation.

7. I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting CONFIDENTIAL INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER.  I understand that all copies of any such materials are to remain in my custody until the Conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by said PROTECTIVE ORDER.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

8. I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Central District of California in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

RUSS, AUGUST & KABAT

Signature: _____

Date: _____

STIPULATED PROTECTIVE ORDER

**EXHIBIT B**
## Qualified Consultant Or Qualified Expert

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| Digital CBT LLC, | Case No. SACV 12-6418 CJC (RNBx) |
|     Plaintiff, | **AGREEMENT TO ABIDE BY PROTECTIVE ORDER** |
| vs. | The Honorable Cormac J. Carney |
| TiVo, Inc., | United States District Court Judge |
|     Defendant. | |

AND RELATED COUNTERCLAIMS

I, _____,

declare under penalty of perjury that:

    1. My address is _____

_____

_____.

    2. My present employer is _____,

and the address of my present employment is _____

_____

_____.

    3. My present occupation or job description is

_____

_____

_____.

    4. I have attached hereto my current curriculum vitae and, to the best of my knowledge, a complete list of any present or former relationships or engagements between myself and any Party to the above-captioned action (the "Action") or any known competitor thereof.

28

5. I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6. I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION (collectively, "DESIGNATED INFORMATION") in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any DESIGNATED INFORMATION or any notes containing DESIGNATED INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any DESIGNATED INFORMATION for any purpose other than directly associated with my duties in this litigation.

7. I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting DESIGNATED INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the Conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.  I understand that material designated as or reflecting CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION is subject to the additional restrictions listed in the PROTECTIVE ORDER and that I am familiar with and agree to abide by those restrictions.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and

29

RUSS, AUGUST & KABAT

administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any CONFIDENTIAL INFORMATION or CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER. I also agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) that they may not access CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION pursuant to the terms of the PROTECTIVE ORDER.

8. I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Central District of California in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.


Signature: _____

Date: _____

RUSS, AUGUST & KABAT

STIPULATED PROTECTIVE ORDER